## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENESSEE
## EASTERN DIVISION

**MALCOLM HAYES,** *Individually,*
*and on behalf of himself and others*
*similarly situated,*

     Plaintiff,

       v.                No. 1:19-cv-1046 JDB

**ELECTRIC RESEARCH**
**AND MANFACTURING COOPERATIVE, INC.,**
*a Delaware Corporation*           FLSA Opt-in Collective Action
                         **JURY DEMANDED**
     Defendant.

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiff, Malcolm Hayes ("Plaintiff"), on behalf of himself, individually, and on behalf of himself and others similarly situated as a class, file this Collective Action Complaint, averring as follows:

1.     This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought on behalf of all current and former non-exempt hourly-paid employees who have been employed by and have performed work for Electric Research and Manufacturing Cooperative, Inc., ("Defendant" or "ERMCO") within the United States for "off-the-clock", "rounded-off" and "edited-out/shaved" unpaid straight time and overtime compensation against said Defendant.  Plaintiff seeks to recover unpaid wages owed to him and all other similarly situated non-exempt hourly-paid employees who have worked for Defendant at any time within the three (3) years preceding the filing of this lawsuit. Plaintiff's and class members' "off-the-clock", "rounded-off" and "edited-out/shaved"

claims are unified by common theories of FLSA violations.

## JURISDICTION AND VENUE

2.    This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29

U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff was

employed by Defendant ERMCO to perform work in this District and said Defendant has

conducted business within this District at all relevant time periods to this action. In addition,

a substantial part of the events, commissions, inactions and omissions giving rise to these

claims and this action occurred within this District.

## PARTIES

4.    Plaintiff Malcom Hayes worked as an hourly-paid, non-exempt employee while employed

by Defendant ERMCO within this District during the three-year period immediately

preceding the filing of this Collective Action Complaint. Defendant ERMCO is a Delaware

Corporation and has its principal offices at 2225 Industrial Road, Dyersburg, Dyer County,

Tennessee 38024-2344.

5.    Defendant's multiple work facilities constitute an integrated enterprise because its pay

practices -- applicable to Plaintiff and those similarly situated -- were established,

administered and operated through a common control for a common purpose.

## FACTUAL BASIS FOR SUIT

6.    Plaintiff Hayes has been employed by and worked for Defendant as an hourly-paid, non-

exempt employee at Defendant's work facilities in Dyersburg, Tennessee within the three

(3) year period preceding the filing of this action.

7.    On information and belief, Defendant owns and operates work facilities in Greenville,

Tennessee; Little Rock, Arkansas; Raleigh, North Carolina as well as in Dyersburg, Tennessee.

8.     Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this collective action lawsuit.

9.     Defendant has been responsible for establishing and administering the pay policies of Plaintiff and those similarly situated during all times relevant to this collective action lawsuit.

10.    At all times material, decisions regarding the compensation of Plaintiff and other members of the class and, other terms of employment, were made through a centralized management team at Defendant's corporate headquarters.

11.    At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

12.    Plaintiff and other similarly situated hourly-paid, non-exempt employees have been subjected to Defendant's common timekeeping, payroll and operational policies, practices and plans at all times relevant to this action.

13.    Upon information and belief and, at all times material, Defendant had a centralized and common timekeeping policy in which Plaintiff and those similarly situated were compensated only from the start times of their scheduled shifts to the end times of their scheduled shifts.

14.    During all times material, Plaintiff and similarly situated hourly-paid employees performed work duties (within weekly pay periods) for Defendant prior to the start times of their respective scheduled shifts as well as after the end times of their scheduled shifts for which

they were not compensated for such "off-the-clock" time at the applicable FLSA straight and overtime rates of pay.

15.   Also, upon information and belief and, at all times material, Defendant had a centralized and common timekeeping policy that "rounded-off" and "edited-out/shaved" the compensable time of Plaintiff and those similarly situated between their "clocked-in" time and the start time of their scheduled shifts (up to fifteen (15) minutes).

16.   During all times material and within weekly pay periods, Plaintiff and similarly situated hourly-paid employees performed work duties between the time they "clocked-in" to Defendant's timekeeping system and the start time of their respective assigned shifts (up to fifteen (15) minutes) without being compensated for such "rounded-off" and "edited-out/shaved" time at the applicable FLSA straight and overtime rates of pay.

17.   In addition, upon information and belief and, at all times material, Defendant had a centralized and common timekeeping policy that "rounded-off" and "edited-out/shaved" fifteen (15) minutes of compensable time of Plaintiff and those similarly situated for any time they "clocked-in" after their scheduled start time -- even if "clocked-in" by no more than one minute after their scheduled start time.  Moreover, Plaintiff and those similarly situated hourly-paid employees were issued disciplinary reprimands for "clocking-in" after the beginning of their respective shift start times -- even if by no more than one minute after the beginning of their respective start times.

18.   During all times material and within weekly pay periods, Plaintiff and similarly situated hourly-paid employees performed work duties between the time they clocked-in after the start of their scheduled shift (up to fifteen (15) minutes), without being compensated for such "rounded-off" and "edited-out/shaved" time at the applicable FLSA straight and overtime

rates of pay.

19.     Moreover, upon information and belief and, at all times material, Defendant had a centralized and common timekeeping policy that "rounded-off" and "edited-out/shaved" fifteen (15) minutes of Plaintiff and similarly situated employees' work time if they "clocked-out" within fifteen (15) minutes of their shift end time -- if "clocking-out" by no more than one minute within their shift end time.

20.     During all times material and within weekly pay periods, Plaintiff and similarly situated hourly-paid employees performed work duties within fifteen (15) minutes of their end shift time   when "clocking-out" before the end time of their respective scheduled shifts -- for which they were not compensated at the applicable FLSA straight and overtime rates of pay.

21.     Additionally, upon information and belief and, at all times material, Defendant had a centralized and common timekeeping policy that "rounded-off" and "edited-out/shaved" fifteen (15) minutes of Plaintiff and those similarly situated employees' time compensable time when they performed work after the end of scheduled shifts, irrespective of the amount of time they worked during such fifteen (15) minute periods of time.

22.     At all times material and within weekly pay periods, Plaintiff and similarly situated hourly-paid employees performed work duties up to fifteen (15) minutes of time after the end time of their respective shifts for which they were not compensated at the FLSA applicable straight and overtime rates of pay for such "rounded-off" and "edited-out/shaved" time.

23.     At all times material, Defendant had knowledge of the aforementioned "off-the-clock", "rounded-off" and "edited-out/shaved" compensable time of Plaintiffs and similarly situated hourly-paid employees.

24.     Defendant routinely and regularly audited its timekeeping system and payroll records, and

had access to the schedules and "clocked-in" and "clocked-out" time recordings of Plaintiff and similarly situated hourly-paid employees. Nonetheless, Defendant took no action to modify its timekeeping records to include such aforementioned unpaid "off-the-clock," "rounded-off" and "edited-out/shaved" compensable time in to its timekeeping system.

25. Defendant failed to accurately record all work compensable hours and time performed by Plaintiff and class members as required by the FLSA, 29 C.F.R. §516.2(a)(7).

26. By its failure to record accurately all the compensable time worked by Plaintiff and class members within weekly pay periods during all times relevant, Defendant willfully failed to compensate them for all such time at the applicable straight and overtime rates of pay, as required by the FLSA.

27. Defendant knew, and was aware at all relevant times, that it was not recording all of the work hours and compensable time of Plaintiff and class members, without a good faith basis for such failure.

28. Defendant's common policies, practices, and plans of not compensating Plaintiff and class members for all "off-the-clock," "rounded-off" and "edited-out/shaved" time at the applicable straight and overtime rates of pay was a willful violation of the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

29. The net effect of Defendant's common policy, practice, and plan of not compensating Plaintiff and similarly situated hourly-paid employees for all "off-the-clock," "rounded-off" and "edited-out/shaved" time, including all related overtime, was a scheme to save payroll costs and payroll taxes, for which it has unjustly enriched itself and enjoyed ill gained profits at the expense of Plaintiffs and similarly class members.

30. As a result of Defendant's bad faith and willful failure to pay Plaintiff and class members in

6

compliance with the requirements of the FLSA, Plaintiff and class members have suffered

lost wages in terms of unpaid straight and overtime compensation as well as other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.   Plaintiff brings this case as a collective action on behalf himself and other similarly situated

individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid straight and overtime

compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other

damages owed.

32.   The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid workers employed by Defendant
> who were subjected to and suffered by Defendants' "off-the-clock",
> "rounded-off" and "edited-out/shaved" policies and practices
> anywhere in the United States within the three (3) years preceding
> the filing of this action through the close of the Court-determined
> opt-in period and who file a consent to join this action pursuant to 29
> U.S.C. §216(b).[1] ("Class Members")

33.   Plaintiff seeks to pursue the aforementioned unpaid "off-the-clock", "rounded-off" and

"edited-out/shaved" wage claims against Defendant on behalf of himself, individually, and

on behalf of himself and all other similarly situated hourly-paid employees as a class.

34.   Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C.

§216(b) because, *inter alia*, Defendant employed a centralized timekeeping system that

resulted in a failure to pay Plaintiff and class members for all the aforementioned unpaid

"off-the-clock" "rounded-off" and "edited-out/shaved" time, as required by the FLSA.

35.   Moreover, this action is properly maintained as a collective action because Plaintiff is

similarly situated to the members of the collective class with respect to Defendant's

timekeeping, payroll and operational policies, practices, and plans.

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

36.     The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted, or refused to act, on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

37.     Plaintiffs Hayes will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to prove and then eradicate Defendant's unlawful practices of failing to pay applicable straight and overtime compensation for "off-the-clock", "rounded-off" and "edited-out/shaved" time, as hereinbefore described.

38.     Counsel for Plaintiff will adequately protect his interests as well as the interests of all class members.

39.     Defendant subjected Plaintiff and class members to work "off-the-clock" and also "rounded-off" and "edited-out/shaved" their compensable time within weekly pay periods during all times relevant, including more than forty (40) hours per week of such "off-the-clock", "rounded-off" and "edited-out/shaved" time, without compensating them at the applicable FLSA straight and overtime compensation rate of pay.

40.     Defendant knew Plaintiff and class members performed work "off-the-clock" and were subjected to its unpaid "rounding-off" and "edited-out/shaved" policies that required additional straight and overtime compensation to be paid. Nonetheless, Defendant operated under a common policy, practice, and plan to deprive Plaintiff and class members of such FLSA required straight and overtime compensation.

41.   Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

42.   Defendant's conduct was not in good faith by its failure to compensate Plaintiff and the class members for all hours worked at the FLSA applicable straight and overtime compensation rates of pay.

43.   Therefore, Defendant is liable to Plaintiff and the class members under the FLSA for failing to properly compensate them for all "off-the-clock", "rounded-off" and "edited-out" compensable time – within applicable weekly pay periods during all relevant times herein.

44.   Plaintiffs requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid straight and overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

45.   Plaintiff estimates there are several hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's work facilities in the United States.

46.   Plaintiff and class members' unpaid wage claims for the aforementioned "off-the-clock" work, "rounded-off" and "edited-out/shaved" compensable time may be determined partially by an examination of Defendants' payroll, scheduling, timekeeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

47.   Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

48.   At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

49.   At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

50.   At all relevant times, Defendant employed Plaintiff and each of the collective action class members consistent with the terms of the FLSA.

51.   At all relevant times, Defendant was an "employer" under the FLSA.

52.   At all relevant times, Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's straight wage, minimum wage and overtime wage requirements.

53.   Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

54.   As a result of Defendant's common policy, practice, and plan of working Plaintiff and class members "off-the-clock" and, "rounding-off" and "edited-out/shaved" their compensable time, as hereinbefore described, Plaintiff and class members were not paid their full straight time wages and overtime compensation, as required by the FLSA.

55.   Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one-and-one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

56.     Through its actions, policies, practices, and plans, as previously described, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all "off-the-clock", "rounded-off" and "edited-out/shaved" compensable time, including for all overtime hours worked -- within weekly pay periods during all times material.

57.     The foregoing actions of Defendant violated the FLSA.

58.     Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

59.     Defendant's actions were not in good faith.

60.     Defendant's multiple work facilities constitute an integrated enterprise because its pay practices applicable to Plaintiff and class members were established, administered and operated through a common control for a common purpose.

61.     Plaintiff and class members' "off the clock", "rounded-off" and "edited-out/shaved" claims are unified by common theories of FLSA violations.

62.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered, and will continue to suffer, a loss of income and other damages.

63.     Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

A.    Award Plaintiff and similarly situated employees FLSA statutory damages against Defendant;

B.    Award Plaintiff and similarly situated employees all unpaid wages, both overtime and non-overtime, against Defendant;

C.    Award Plaintiff and similarly situated employees for an amount equal to their unpaid back wages, pursuant to the applicable straight time and overtime rates of pay;

D.    Find and declare that Defendant's violations of the FLSA were willful, and accordingly, that a three (3) year statute of limitations under the FLSA applies to this action;

E.    Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

F.    Award pre-judgment interest (to the extent that liquidated damages are not awarded);

G.    Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.    Award post-judgment interest and court costs as allowed by law;

I.    Enter an Order designating this action as an Opt-in Collective Action under the FLSA;

J.    Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

K.    Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

L.    Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

M.    Provide further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues.

Dated: July 17th, 2019                    Respectfully submitted,

                                          *s/Gordon E. Jackson*
                                          Gordon E. Jackson (TN BPR #8323)
                                          J. Russ Bryant (TN BPR #33830)
                                          Robert E. Turner, IV (TN BPR #035364)
                                          **JACKSON, SHIELDS, YEISER & HOLT**
                                          Attorneys at Law
                                          262 German Oak Drive
                                          Memphis, Tennessee 38018
                                          Telephone: (901) 754-8001
                                          Facsimile: (901) 754-8524
                                          *gjackson@jsyc.com*
                                          *rbryant@jsyc.com*
                                          *rturner@jsyc.com*

                                          ***ATTORNEYS FOR PLAINTIFF AND FOR
                                          OTHER SIMILARLY SITUATED CURRENT AND
                                          FORMER EMPLOYEES***

                          **<u>CERTIFICATE OF SERVICE</u>**

        I hereby certify that on July 17th, 2019 I caused the foregoing to be electronically filed

with the Clerk of the Court, and served all parties of record, by using the CM/ECF system.


                                          *s/Gordon E. Jackson*
                                          Gordon E. Jackson