# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into between Malcolm Hayes ("Hayes"), on behalf of himself and other Opt-In Plaintiffs ("Opt-In Plaintiffs", and collectively with Hayes, "Plaintiffs") and Electric Research and Manufacturing Cooperative, Inc. ("Defendant", and together with Plaintiffs, the "Parties").

WHEREAS, Hayes filed his Amended Complaint in the United States District Court for the Western District of Tennessee, Eastern Division, captioned *Malcolm Hayes, Individually and on behalf of himself and others similarly situated v. Electric Research and Manufacturing Cooperative, Inc.*, Case No. 1:19-cv-1046 JDB, filed on July 17, 2019 (ECF No. 22) which was brought as a putative wage and hour collective action against Defendant (the "Civil Action");

WHEREAS, Defendant denied, and continues to deny, the allegations raised in the Civil Action; and

WHEREAS, the Parties mutually desire to resolve any and all disputes relating to the subject matter of the Civil Action.

Subject to the approval of the United States District Court for the Western District of Tennessee, Plaintiffs and Defendant agree as follows:

1. <u>Total Settlement Amount</u>.

    In connection with this Agreement, Defendant will pay a total settlement amount of Sixteen Thousand Eight Hundred Twenty-One Dollars and Twenty-Eight Cents ($16,821.28) ("Total Settlement Amount"). The Total Settlement Amount shall be used to pay:

    a.  Settlement payments to Plaintiffs as provided in Appendix 1 of this Agreement ("Individual Payment") in the total amount of One Thousand Eight Hundred and Twenty-One Dollars and Twenty-Eight Cents ($1,821.28). Each Plaintiffs' Individual Payment shall be delivered in two separate checks, allocated as follows:

        i.  One-half of each Plaintiffs' Individual Payment will represent each Plaintiffs' alleged unpaid overtime, and will be subject to applicable taxes and withholdings. Defendant will issue to each Plaintiff an IRS Form W-2 reflecting this payment; and

        ii. One-half of each Plaintiffs' Individual Payment will represent each Plaintiffs' alleged liquidated damages. Defendant will issue to each Plaintiff an IRS Form 1099 reflecting this payment.

       iii.    At Defendant's option, the back of each check to each Plaintiff may contain the following limited endorsement:

> I agree to release all Fair Labor Standard Act claims, and any parallel state wage claims, that were brought, or could have been brought, in the action *Malcolm Hayes, Individually and on behalf of himself and others similarly situated v. Electric Research and Manufacturing Cooperative, Inc.*, (the "Action"), including claims for minimum wage, overtime, liquidated damages, penalties, attorneys' fees and costs, arising during the three years prior to when my consent to join the Civil Action was filed through the effective date of settlement of the Civil Action.

    b.    Fifteen Thousand Dollars ($15,000.00) to Plaintiffs' Counsel for attorneys' fees, costs and litigation expenses ($11,700.00 in fees and $3,300.00 in expenses). Defendant will issue to Plaintiffs' Counsel an IRS Form 1099 reflecting this payment; and

    c.    Under no circumstance will Defendant's liability, other than Defendant's share of employer payroll taxes, exceed the Total Settlement Amount. Other than the withholding and reporting requirements set forth in this Paragraph 1, Plaintiffs shall be solely responsible for the reporting and payment of their share of any taxes on payments received or paid on their behalf pursuant to this Agreement.

2.    Release.

    a.    In consideration for the benefits set forth in Paragraph 1 of this Agreement, Opt-In Plaintiffs fully and forever waive, release, surrender, acquit, and discharge Defendant, including its current and former directors, officers, members, attorneys, employees, representatives, insurers, reinsurers successors and assigns (collectively, the "Released Parties") from all Fair Labor Standards Act claims, and any parallel state wage claims, that were brought, or could have been brought, in the Civil Action, arising during the three years prior to when Opt-In Plaintiffs' consent to join the Civil Action was filed through the effective date of the settlement of the Civil Action. Hayes and Plaintiffs' Counsel represent that they have authority to bind Opt-In Plaintiffs to this release.

    b.    In consideration for the benefits set forth in Paragraph 1 of this Agreement, Hayes, for himself and his dependents, executors, agents, administrators, and representatives of every kind, fully and forever waives, releases, surrenders, acquits, and discharges the Released Parties from any and all of his rights, actions, demands, interests, claims and costs (including attorneys' fees) of any nature whatsoever, in law or in equity, whether known or unknown, disputed or undisputed, arising out of or under, or by reason of any matter whatsoever from the beginning of time through and including the date that Hayes executes this

2

Agreement, including, without limitation, any and all claims or rights that Hayes has had or may now have, whether known or unknown, disputed or undisputed, in any way related to or arising out of or in connection with any alleged violations the Fair Labor Standards Act, 29 U.S.C. §201 et seq., during his employment with Defendant.

c. Payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses that will be paid to Plaintiffs' counsel, unless there is a breach of this Agreement or a need to file a motion or other document to enforce this Agreement. In consideration of these attorneys' fees and expenses, Plaintiffs and Plaintiffs' Counsel waive any and all claims to any further attorneys' fees and expenses in connection with the Civil Action, unless there is a breach of this Agreement.

3. Settlement Timeline.

a. The Parties will jointly move the Court for entry of an Order approving the settlement as set forth in this Agreement, to effectuate its terms, and to dismiss the Civil Action with prejudice. Upon entry of the Court's Order, the Civil Action shall be dismissed with prejudice, and final judgment shall be entered.

b. The Parties agree that within twenty-one (21) days after the date the Court enters an Order approving this Agreement, Defendant will mail to Plaintiffs' Counsel the checks representing the Total Settlement Amount as set forth in Paragraph 1 of this Agreement. Plaintiffs' Counsel will be responsible for the delivery of the checks to Plaintiffs upon their receipt from Defendant. Any checks that become lost or void during the six months period after the initial distribution will be reissued to any Plaintiff upon request and without charge to the Plaintiff.

4. No Publicity.

The Parties agree that neither they nor their Counsel will, directly or indirectly, publish, publicize, or disseminate, the terms of this Agreement. Toward this end, Plaintiffs and their Counsel agree not to post or otherwise disclose the terms of this Agreement on the Internet or any other paper or electronic media outlet (including but not limited to news organizations websites or newspapers, email, blogs, Facebook, Twitter, *etc.*). Notwithstanding the foregoing, the Parties may state, if asked, that "the matter is concluded" or "it is over" (or words to that effect).

5. Parties' Authority.

The respective signatories to this Agreement represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms. Hayes executes this Agreement on behalf of himself and in his representative capacity on behalf of Opt-In Plaintiffs. Furthermore, by executing the Opt-In Consent to Join, Opt-In Plaintiffs

designated Hayes and Plaintiffs' Counsel as their representatives to make all decisions concerning the method and manner of conducting the case including settlement. Accordingly, this Agreement shall have the same force and effect as if Plaintiffs each executed this Agreement.

6. <u>No Assignment</u>.

   The Parties represent and warrant that they have not directly or indirectly assigned, transferred, or encumbered or purported to assign, transfer or encumber, to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Agreement.

7. <u>No Admission of Liability</u>.

   Nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant.

8. <u>Entire Agreement</u>.

   This Agreement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Civil Action (except for releases with Plaintiffs) are void.

9. <u>Written Amendments Only</u>.

   This Agreement cannot be changed, altered or modified, except in writing and signed by the Parties, and approved by the Court.

10. <u>Binding on Successors and Assigns</u>.

    This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustee, executors, administrators, successors and assigns.

11. <u>Retention of Jurisdiction</u>.

    The Court shall retain exclusive jurisdiction with respect to the implementation and enforcement of the terms of this Agreement.

[Signatures Appear on the Following Page]

4

**Execution by Parties and Their Counsel:**

MALCOLM HAYES

__/s/ Malcolm Hayes__Date: 02-27-2020
Representative Plaintiff
Individually and on behalf of all Plaintiffs

__/s/__Date: 2-26-2020
One of Plaintiffs' Attorneys
J. Russ Bryant (TN Bar No. 033830)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*jholt@jsyc.com*

ELECTRIC RESEARCH AND MANUFACTURING COOPERATIVE, INC.

By: __/s/ Angie Nesbit__Date: 2/26/2020
Its: HR Director

__/s/ Jeffrey Land__Date: 2/26/20
One of Defendant's Attorneys
Jeffrey A. Land
Attorney at Law
119 S. Main Street, Suite 500
Memphis, Tennessee 38103
Phone: 901.322.8220
Cell: 901.335.7228
Fax: 901.328.5755

*Malcolm Hayes, Individually and on behalf of himself and others similarly situated v. Electric Research and Manufacturing Cooperative, Inc.*

## APPENDIX 1

| Plaintiffs | Individual Payment |
|---|---|
| Malcolm Hayes | $944.87 |
| William Climer | $750.00 |
| Calvin Douglas | $126.41 |